UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DEWAYNE NELSON,<br><br>                Plaintiff,<br><br>   v.<br><br>DINCA EMMANLELLE, *et al*.,<br><br>                Defendants. | CASE NO. C21-1457-RJB-MLP<br><br>REPORT AND RECOMMENDATION |

      Plaintiff Richard Nelson is currently in the custody of the King County Department of Adult and Juvenile Detention ("DAJD") and is confined at the Maleng Regional Justice Center in Kent, Washington. On October 26, 2021, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, together with an application to proceed with this action *in forma pauperis* ("ÍFP"). (*See* dkt. # 1.) However, Plaintiff omitted pages from his complaint and the complaint was therefore returned to him for correction of this deficiency. (Dkt. # 3.) Plaintiff corrected the deficiency on November 12, 2021, and his materials are now ready for this Court's review. (*See* dkt. # 4.) Plaintiff indicates in his IFP application that though he has cash on hand that he received from a Government stimulus check, he is unable to pay the costs of this action because he lost his apartment while in custody and he will have to pay apartment fees when he is released. (*See id*.)

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff submitted with his IFP application the requisite account statement from the DAJD. (*See* dkt. # 4-3.) This statement reflects that Plaintiff has a current balance of $1780.62 in his inmate account. (*Id*.) It is therefore clear that Plaintiff has sufficient funds to pay the filing fee required in a civil rights action. The fact that Plaintiff may have financial obligations to meet at some future date should he be released from custody does not alter the fact that he can currently afford to pay the filing fee. This Court therefore recommends that Plaintiff's application to proceed *in forma pauperis* (dkt. # 4) be DENIED. This action should proceed only if Plaintiff pays the $402.00 filing fee within ***thirty (30) days*** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk should close the file.

Plaintiff is advised that even if he elects to pay the filing fee, his complaint is, at present, defective and payment of the filing fee would not necessarily ensure that he will be permitted to proceed with this action. The Court notes, in particular, that Plaintiff has not identified a viable defendant in his complaint. Plaintiff names as Defendants two King County Deputy Prosecuting Attorneys, Dinca Emmanlelle and William Doyle, and King County Superior Court Judge Veronica Galvan. The United States Supreme Court has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff appears to complain that Deputy Prosecutors Emmanlelle and Doyle improperly charged him with second degree murder and assault in the second degree while armed with a

gun, that Judge Galvan improperly accepted those charges, and that Plaintiff has been unlawfully detained for seventeen months. (Dkt. # 4-1 at 4-5.) Plaintiff also complains about the conditions of his confinement at the Maleng Regional Justice Center, and he appears to believe that the named Defendants are liable for the harm allegedly caused by the challenged conditions because they are responsible for him being locked up.

To the extent Plaintiff complains about what he believes was an improper charging decision, and improper acceptance of those charges, he has identified actions clearly undertaken by Defendants within the scope of their official responsibilities and duties as prosecutors and as a judge, and Defendants are therefore entitled to absolute immunity in this § 1983 action with respect to such claims. As to the specific conditions of confinement Plaintiff complains of, such claims must be brought against the corrections officials responsible for the alleged deficient conditions and not against those whom Plaintiff believes are responsible for his confinement.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 10, 2021**.

DATED this 17th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3