UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD DEWAYNE NELSON,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>EMMANUELLE DINCA, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 3:21-cv-1457-RJB-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

　　　This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Michelle L. Peterson (Dkt. 14) and objections to the R&R filed by Plaintiff Richard Dewayne Nelson (Dkt. 15). The Court has considered the pleadings filed regarding the motion and the remaining record. For the reasons set forth in this order and in the R&R, the R&R should be adopted and Plaintiff's amended complaint and this action should be dismissed.

　　　The facts, procedural background, and general law are detailed in the R&R. Plaintiff, who is proceeding *pro se*, is currently detained at the Regional Justice Center, a jail in Kent, Washington. Dkt. 13. His allegations relate to charges brought against him, some resolved and

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 1

others still pending, and conditions of his confinement. *Id.* Plaintiff's objections predominantly restate allegations from his complaint and amended complaint, but this order will elaborate on the grounds for dismissal based on his objections.

### A. Prosecutorial Immunity

As stated in the R&R, prosecutorial immunity bars Plaintiff's claim against Defendant Dinca, a prosecutor. In objections, Plaintiff emphasizes his allegation that Prosecutor Dinca permitted a non-credible witness to testify against him at trial and argues that his claim should be allowed to proceed. Dkt. 15.

Prosecutors have absolute immunity from claims arising out tasks that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity recognizes that it is "a balance between evils" that will prevent some defendants who were wronged by dishonest prosecutors from civil recovery. *Id.* at 428. Nonetheless, it recognizes that "[t]he veracity of witnesses in criminal cases frequently is subject to doubt" and rests on the interest in allowing prosecutors to perform their duties without concern for personal liability. *Id.* at 427.

To be sure, prosecutors have duties within our judicial system, including the duty to provide evidence favorable to a defendant to the defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Based on this duty, prosecutors must inform the defense about witness credibility issues, including evidence about potential false testimony. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). This permits the defense to conduct a thorough cross-examination and for the jury to decide "where the truth lies" based on all available evidence. *Briscoe v. LaHue*, 460 U.S. 325, 334–35 (1983) (quoting *Imbler*, 424 U.S. at 440). This duty, however, does not permit suit against prosecutors for allegedly permitting a non-credible witness to testify because

prosecutorial immunity shields them from such claims. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (prosecutorial immunity "covers the knowingly use of false testimony at trial").

Plaintiff's claim rests on the allegation that Defendant Dinca "allow[ed] a non-credible witness to testify." Dkt. 15 at 1. Therefore, he does not state a claim for which relief can be granted.

**B. Religious Rights**

The R&R thoroughly recites legal standard for a free exercise claim and applies it to Plaintiff's allegations. In objections, Plaintiff cities *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987), to argue that rules requiring him to quarantine because he refused to be vaccinated against Covid-19, which he refused for religious reasons, are harassing and violate his right to freely exercise his religion.

In *O'Lone*, the Supreme Court articulated legal standards for free exercise claims, which the R&R cites, and held that prison policies that resulted in plaintiffs' inability to attend Jumu'ah, a weekly Muslim congregational service held at the prison where they were incarcerated, did *not* violate their right to free exercise. 482 U.S. at 344–45. The policies, which regulated inmate work schedules based on concerns for institutional order and security interests, were "clearly" connected to governmental interests. *Id.* at 350. Therefore, the policies did not "substantially burden" the practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (citing *O'Lone*, 482 U.S. at 348).

*O'Lone* supports the conclusion that Plaintiff does not plausibly allege a substantial burden to his practice of religion. Under the policy, he has been able to remain unvaccinated in accordance with his religious beliefs. However, he allegedly must stay in a "quarantine unit"

where he only is permitted out of his cell 3.5–4 hours per day.  Dkt. 11 at 6–7.  Like in *O'Lone*, this policy is connected to legitimate government interests.  The jail has a legitimate interest in maintaining the health and safety of people there especially during a pandemic.  It reduces the possibility of exposing both Plaintiff and others from Covid-19.  Furthermore, it is not so restrictive that it would tend to "coerce" individuals into being vaccinated despite their religious beliefs.  Dkt. 14 at 8 (citing *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)).  Therefore, Plaintiff does not allege a substantial burden to his religious exercise based on his conditions of confinement.

### C. Failure to Protect

Plaintiff claims that Defendant Detective Richard Kim failed to reasonably respond to a threat made against Plaintiff by his ex-wife.  In objections, Plaintiff responds to an assumption in the R&R that Plaintiff was detained at the time of the threat and clarifies that he was not.  His objections do not address his claim's fundamental failure, which is that he does not allege that he suffered any actual harm stemming from Detective Kim's alleged failure.  Dkts. 14 and 15.  Therefore, Plaintiff does not state a claim that Detective Kim violated his right to due process.

### D. False Imprisonment

Plaintiff claims that Defendant Detective Chris Mickleson violated his right to a fair trial by swearing to false information in a probable cause report.  Dkt. 13.  Plaintiff appears to argue that Detective Mickleson falsely did so because Plaintiff was later acquitted of that charge.  *Id.*

As stated in the R&R, to the extent that Plaintiff's claim relates to the charge for which he was previously acquitted, his claim more reasonably resembles unlawful arrest or imprisonment.  Dkt. 14 at 10.  Plaintiff does not state a claim for unlawful arrest or imprisonment

because he does not allege that Detective Mickleson lacked probable cause. A subsequent finding of not guilty does not affect whether probable cause existed at the time of arrest.

In objections, Plaintiff indicates that his claim against Detective Mickleson, as well as separate claim against a different detective, implicate Plaintiff's right to a fair trial for a pending murder charge. Dkt. 15 at 2. To the extent that Plaintiff's claims relate to his pending charge, federal court is not the proper forum to make those arguments because of the *Younger* abstention doctrine.

**E. Younger Abstention**

Under the *Younger* abstention doctrine, federal courts will not intervene in pending state court criminal matters absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). As the R&R concludes, Plaintiff does not demonstrate extraordinary circumstances. In objections, Plaintiff raises arguments of fact. Notably, arguments to support his conclusion that he could not have been "armed with" a gun at the time of the alleged murder. Not only does *Younger* require the Court to abstain, but the Court would be unable to intervene in this issue even without *Younger* because the trier of fact to decides whether the evidence supports an offered conclusion of fact.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 14) **IS ADOPTED**;

- Plaintiff's Amended Complaint (Dkt. 13) and this action **ARE DISMISSED** under 28 U.S.C. § 1915A(b) for failure to state a viable claim for relief under 42 U.S.C. § 1983.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of April, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 6